(173 App. Div. 855)

McCREADY v. LARKIN et al.

(Supreme Court, Appellate Division, First Department.  July 10, 1916.)

SALES ⬤⟶339—BREACH BY BUYER—RESALE—ACTION FOR DAMAGES—COUN-
TERCLAIM.

In an action for the difference between the contract price and the
amount received on resale on defendant's breach of a contract to buy a
mortgage, that plaintiff agreed to pay defendant the last $1,000 to be re-
ceived for the mortgage, and that plaintiff had sold it for $7,500 and
received the last $1,000 therefor, was sufficient, both as a counterclaim
and matter of set-off and recoupment.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 924, 926; Dec.
Dig. ⬤⟶339.]

Appeal from Special Term, New York County.

Action by Nathaniel L. McCready against Thomas A. Larkin and
others.  From an interlocutory judgment sustaining a demurrer to
certain defenses and a counterclaim, defendant Thomas A. Larkin
appeals.  Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT,
DOWLING, and DAVIS, JJ.

John T. Dooling, of New York City, for appellant.
Robert Kelly Prentice, of New York City, for respondent.

DOWLING, J.  In so far as the separate defenses are concerned,
the questions presented are identical with those discussed in the opin-
ion in the case against John A. Larkin, 160 N. Y. Supp. 306, and for
the reasons therein given the demurrers to the fourth and eighth de-
fenses must be overruled.  The counterclaim, herein, however, is en-
tirely different from the one interposed in that action.  The one under
examination sets up that on April 7, 1914, plaintiff, then being in pos-
session of the $50,000 mortgage on premises 141–147 Fifth avenue,
New York City (referred to in the opinion in the John A. Larkin
appeal), for a good and valuable consideration executed and delivered
to defendant Thomas A. Larkin an instrument in writing (a copy
whereof is attached to the complaint) whereby he agreed to "assign
or cause to be assigned to said Larkin the last $1,000 to be received
on said second mortgage"; that plaintiff's interest in said mortgage
at that time exceeded $1,000; that under the written instrument plain-
tiff became bound in law and equity to assign or cause to be assigned
to defendant the last $1,000 to be received on the mortgage; that the
mortgage was assigned to Charles P. De Casanova under a pretended
sale at public auction for $5,500; that thereafter on September 11,
1914, De Casanova reassigned the said mortgage to plaintiff and
others; that on October 20, 1914, plaintiff and others assigned and
transferred the mortgage for $7,500 to John J. Buckley, thereupon
paid by said Buckley; "and that plaintiff did not, and will not, receive,
and is not entitled to receive, any further sum from said Buckley, or
from any other person, for or on account of said mortgage."  It is
further alleged that, since the assignment of the mortgage to Buckley

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff has had no interest therein; that all the charges referred to in the written instrument have been paid. The answer continues:

"Sixtieth. That by reason of the facts hereinbefore set forth the plaintiff has received the last one thousand dollars ($1,000) which can be received by him for or on account of said fifty thousand dollar ($50,000) mortgage or in any way growing out thereof; and the plaintiff has placed it beyond his power to receive any further sum or sums on account of said mortgage than the said sum received by him upon the assignment of said mortgage to said Buckley.

"Sixty-First. That prior to the commencement of this action this defendant duly performed all the terms and conditions of said instrument, Exhibit I, on his part to be performed.

"Sixty-Second. That plaintiff has not assigned or caused to be assigned to this defendant the last one thousand dollars ($1,000) to be received on said second mortgage, and that plaintiff has not paid to this defendant, and this defendant has not in any way received, the last one thousand dollars ($1,000) received on said mortgage hereinbefore mentioned; and the plaintiff has not paid to this defendant, nor has this defendant in any manner received, any sum of one thousand dollars ($1,000), or any sum whatsoever, for, on account of, or in any manner growing out of said mortgage, although the said assignment and the payment of the said sum of one thousand dollars ($1,000) have been duly demanded."

There is a further statement that the cause of action set forth in the counterclaim is connected with the subject of the action, in that the mortgage mentioned in the counterclaim and the exhibit is the same as that referred to in the complaint, and that it is a counterclaim, a cause of action on contract, existing against plaintiff in favor of defendant before the commencement of the action, and also tending to diminish plaintiff's recovery to the extent of $1,000. The demurrer to this counterclaim in its original form was sustained on the ground that there was no allegation that the last $1,000 on the second mortgage had been received by plaintiff. The amended counterclaim shows that $7,500 has been paid on the mortgage, which is all that ever can be paid or received thereon to or by plaintiff, as it has been absolutely transferred to Buckley, and plaintiff has no further interest therein, and that plaintiff has received the last $1,000 that ever can be paid thereon. The counterclaim is sufficient in law, and is properly pleaded, both as a counterclaim and by way of set-off and recoupment. The demurrer thereto should therefore be overruled.

The judgment appealed from is therefore modified, by decreeing that the fourth and eighth defenses and the counterclaim contained in the second amended answer of the defendant Thomas A. Larkin are sufficient in law upon the face thereof, and by overruling the demurrers thereto. In all other respects the judgment is affirmed, with costs to appellant. The conclusions of law in the decision will also be modified accordingly. Leave is given to plaintiff to reply to the counterclaim contained in the second amended answer, upon payment of said costs. All concur.